## JOHN A. BELL v. MARK ARDIS.

*Judgment should show data for computing interest—Mis-trial.*

Where a judgment was made to cover interest and there were no data to show how much was due, the finding was treated on error as amounting to a mis-trial.

Error to Osceola. Submitted April 5. Decided April 9.

ASSUMPSIT. Defendant Bell brings error.

*Brown & Palmer* and *Fuller & Dumon* for plaintiff in error. A judgment for interest must be based on a finding of an express agreement as to interest. *Beardslee v. Horton*, 3 Mich., 560.

*Burch, Beardsley & Judkins* for defendant in error.

CAMPBELL, C. J. Judgment was rendered against

Bell as a partner of Andrew H. Brandow, for a quantity of lumbering supplies purchased by Brandow and used by the firm in their lumbering business. The partnership being unknown to Ardis and the goods sold to Brandow, certain questions were argued concerning the sufficiency of the finding to show a joint liability.

But as a judgment was rendered for interest without such data as to enable us to determine what amount was due or what deduction if any to make from the judgment,—inasmuch as the dates of sales and period of credit are not set forth, we are compelled to treat the finding as defective and amounting to a mistrial, and the case will have to go back for a new trial. Under these circumstances, and with the light of the argument, the parties can have no difficulty in procuring on a new trial the full determination of all the facts in the cause, which will probably settle without further controversy whether the goods were or were not so furnished as to hold Bell.

We shall not, therefore, attempt to pass upon the partnership liability, or determine how far the presumptions reach under the findings.

For the imperfection of the finding upon the question of interest the judgment must be reversed and a new trial granted.

The other Justices concurred.