## JOHN WRIGHT v. JOHN SEELEY.

*Judgment—Interest.*

1. The judgment in an action *ex contractu* may include interest on the amount of the verdict from the time of its rendition to the time of the entry of the judgment; citing How. Stat. § 1598.[1]

2. It is error to enter a judgment, after the discharge of the jury, upon their verdict for a certain sum "and interest," for an amount in excess of that sum and the interest accruing on the verdict up to the time of the entry of the judgment.

Error to Wayne. (Brevoort, J.) Submitted on briefs June 30, 1893. Decided July 25, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*George F. Robison,* for appellant.

*William Look* and *H. F. Chipman,* for plaintiff.

LONG, J. This action was brought upon the common

---

[1] See Act No. 156, Laws of 1891, reducing the rate of interest to 6 and 8 per cent. per annum.

counts in *assumpsit*, and, on a trial, verdict was rendered in favor of plaintiff. The verdict is in form as follows:

"They say upon their oath that the said defendant did undertake and promise in manner and form as charged in plaintiff's declaration, and they assess the damages of the said plaintiff, over and above his costs and charges, at the sum of $204 and interest."

This entry of verdict was made June 9, 1892. On July 7, 1892, judgment was entered on the verdict for damages $204, "and interest computed at the sum of $94.78," making a total, as recited in the judgment, of "$294.78." No bill of exceptions was settled. The case comes here upon the record.

It is claimed that there was no warrant for the amount of interest added to the judgment. The statute provides for interest upon verdicts between the time of rendering the verdict and judgment. How. Stat. § 1598. In this case the time was less than one month, and the interest would have amounted to but little more than $1; yet the interest added in making up the total of the judgment is computed at over $90. It is evident that an error has been made. The record does not show what the plaintiff's claim was, whether upon a note or other contract, or upon open account, or what *data* the court had in fixing the time or rate of interest. The interest must have been computed from a date some months prior to the verdict. This was error.

In *Bell v. Ardis*, 38 Mich. 609, where a judgment was made to cover interest, and there was no *data* to show how much was due, the finding was treated on error as amounting to a mistrial.

In *Parker v. Railway Co.*, 93 Mich. 607, where the jury agreed upon a verdict of $968, but the foreman, in returning the verdict, stated the amount at $800, and the verdict was so entered, he failing to state the amount agreed upon

as interest, it was held error in entering judgment to include $168 interest, as there was no warrant for correcting the verdict after the jury was discharged.

The judgment must be reversed, and new trial ordered.

The other Justices concurred.