BOLT *v.* NELSON.

INTEREST—JUDGMENT—STATUTES.

Where case was remanded to trial court with direction to enter
judgment in certain amount, court was in error in adding in-
terest for period prior to assessment of damages in Supreme
Court, although interest from said date might properly have
been included (2 Comp. Laws 1929, § 9238).

Appeal from Muskegon; Vanderwerp (John), J.
Submitted April 18, 1933. (Docket No. 67, Calendar
No. 37,139.) Decided May 16, 1933.

In action of assumpsit by Louis J. Bolt and an-
other, doing business as L. J. Bolt & Son, against
Hjalmar C. Nelson, judgment was ordered by this
court for a certain amount. On remand to circuit,
interest for alleged excessive amount was included
in entry of judgment. Defendant appeals. Re-
versed and remanded for entry of judgment for
proper amount.

*Cross, Foote & Sessions* and *Francis G. Barlow,*
for plaintiffs.

*Alexis J. Rogoski,* for defendant.

CLARK, J. On its former appearance here (257
Mich. 610) this cause was remanded with direction
to enter judgment in a certain amount. The order
of this court made April 4, 1932, is:

"That the judgment of said circuit court for the
county of Muskegon be and the same is hereby re-

versed and vacated, and that the defendant do re-
cover of the plaintiffs, his costs, to be taxed, and
have execution therefor, and that the cause be re-
manded to the court below with directions to enter
a judgment in favor of plaintiffs in the sum of
$9,260.49.''

The judgment entered September 20, 1932, in the
circuit court is for the sum of $10,017.36, the trial
court having added interest from April 30, 1931, on
the amount of judgment as determined in this court.
Defendant has appealed.

Damages were assessed by this court on April 4,
1932. In entering judgment pursuant to the direc-
tion, this being an action in contract, interest from
the date of our assessment of damages to date of
entry of judgment might properly have been in-
cluded. 2 Comp. Laws 1929, § 9238. But to attempt
to increase our assessment of damages by adding
interest for a period prior to such assessment is an
attempt by the trial court to amend our order, which
may not be done.

Reversed, with costs to appellant, and remanded
for judgment not inconsistent herewith.

McDONALD, C. J., and POTTER, SHARPE, NORTH,
FEAD, WIEST, and BUTZEL, JJ., concurred.