GORDON SEL-WAY, INC v SPENCE BROTHERS, INC

Docket No. 86819. Argued March 6, 1991 (Calendar No. 3). Decided
　　September 17, 1991.

　　Gordon Sel-Way, Inc., filed a complaint in the Washtenaw Circuit
　　Court against Spence Brothers, Inc., seeking to confirm an
　　arbitration award and reduce it to judgment. The court, Ed-
　　ward D. Deake, J., modified the arbitration award by deleting
　　the interest portion and confirmed the award as modified and
　　granted pre- and postjudgment interest under MCL 438.7; MSA
　　19.4 at the rate of five percent per year from the date of the
　　arbitration award until the date the judgment was satisfied.
　　The Court of Appeals, SHEPHERD, P.J., and CYNAR and SAWYER,
　　JJ., affirmed (Docket No. 102655). Sel-Way appeals.

　　　In a unanimous opinion by Justice BOYLE, the Supreme Court
　　held:

　　　The arbitrators had the authority to include interest as part
　　of their award; thus, the Court of Appeals and trial court erred
　　in modifying the award by deleting the preaward interest
　　amount and providing a remedy different than the arbitrators.
　　MCL 438.7; MSA 19.4 governs the award of interest from the
　　date an arbitration award is rendered until the earlier of either
　　the date the award is paid or the date a civil complaint is filed
　　to confirm the award and reduce it to judgment. Thereafter,
　　MCL 600.6013; MSA 27A.6013 governs the award of interest
　　from the date a complaint is filed until the date the judgment
　　is satisfied.

　　　1. Arbitrators derive their authority from the parties' con-
　　tract and arbitration agreement and are bound to act within
　　those terms. An award will be presumed to be within the scope
　　of that authority absent express language to the contrary. A
　　court may not substitute its judgment for that of the arbitra-
　　tors, but may vacate, modify, or correct an award where it finds

REFERENCES

Am Jur 2d, Arbitration and Award § 139.7; Interest and Usury
　§§ 59, 60.
See the Index to Annotations under Arbitration and Award; Inter-
　est on Money; Judgments, Orders, and Decrees; Prejudgment
　Interest.

that arbitrators have exceeded their power under the agreement. In this case, the arbitration award was improperly modified by deleting the interest amount; the arbitrators' authority to award interest as an element of damages was derived from the broad language of the arbitration clause, to resolve all claims arising out of the contract or its breach, and no provision of the agreement expressly precluded that authority.

2. Interest is awarded as an element of damages to compensate the prevailing party for the lost use of the funds awarded. The decision whether to award interest is not dependent upon a contractual promise to pay interest; rather, the pivotal factor is whether interest is necessary to allow full compensation.

3. MCL 438.7; MSA 19.4 governs the award of prejudgment interest, i.e., interest from the date an arbitration award is rendered until the earlier of either the date the award is paid or the date a civil complaint is filed to confirm the award and reduce it to judgment. The appropriate rate of interest under MCL 438.7; MSA 19.4 is five percent per annum. MCL 600.6013; MSA 27A.6013 governs the award of postaward interest, i.e., interest from the date a complaint is filed requesting confirmation of an arbitration award until the judgment is satisfied.

Affirmed in part, reversed in part, and remanded.

177 Mich App 116; 440 NW2d 907 (1989) affirmed in part and reversed in part.

ARBITRATION — CONFIRMATION OF AWARDS — INTEREST ON AWARDS.

MCL 438.7; MSA 19.4 governs the award of prejudgment interest from the date an arbitration award is rendered until the earlier of either the date the award is paid or the date a civil complaint is filed to confirm the award and reduce it to judgment; thereafter, MCL 600.6013; MSA 27A.6013 governs the award of postaward interest from the date the complaint is filed until the date the judgment is satisfied.

*Fitzgerald, Peters, Dakmak & Miller, P.C.* (by *Neill T. Peters* and *Stuart J. Snider*), for the plaintiff.

*Federlein, Grylls & Keranen, P.C.* (by *Walter J. Federlein*), for the defendant.

BOYLE, J. In the private arbitration award which underlies this action, a panel of arbitrators in-

cluded in their award an amount "in interest." Subsequently, in the civil action instituted to confirm the award and reduce it to judgment, the trial court modified the arbitration award by deleting the interest portion and then confirming the award as modified. It also granted pre- and postjudgment interest under MCL 438.7; MSA 19.4 at the rate of five percent per annum from the date of the arbitration award until the date the judgment was satisfied. The Court of Appeals affirmed the decision of the trial court. 177 Mich App 116; 440 NW2d 907 (1989).

We granted leave to decide (1) whether the arbitrators improperly included interest as part of the award, (2) what interest rate applies under MCL 438.7; MSA 19.4 following entry of the arbitration award, and (3) at what point, if at all, interest is governed by MCL 600.6013; MSA 27A.6013. We hold (1) that under these facts, the arbitrators had authority to include interest as a part of their award, and thus it was improper for the trial court to delete the interest portion of the arbitration award, (2) that the applicable interest rate under MCL 438.7; MSA 19.4 is the legal rate supplied under MCL 438.31; MSA 19.15(1), and (3) that interest is governed by § 6013 from the date a complaint is filed requesting confirmation of an award and continues until the date judgment rendered on the award is satisfied. Thus, we reverse in part and affirm in part the decision of the Court of Appeals and remand this case to the trial court to reinstate the interest portion of the award and to recompute the proper postaward statutory interest under MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013.

I

This appeal arises out of a construction contract

dispute between a general contractor and a subcontractor. In July, 1978, Spence Brothers, Inc., as the general contractor, entered into a contract with Washtenaw County Department of Public Works, as owner, for construction of a portion of the Ann Arbor wastewater treatment plant. The following October, Spence, as general contractor, and Gordon Sel-Way, Inc., as subcontractor, entered into an agreement providing that Sel-Way was to perform certain excavation work at the treatment plant project. Under the terms of the Spence/Sel-Way contract, the parties agreed to arbitrate according to the construction industry rules of the American Arbitration Association all claims or disputes arising out of, or relating to, the parties' contract or any breach thereof.[1]

A dispute arose between Sel-Way and Spence concerning compensation that Sel-Way claimed it was owed under the contract, and in September, 1982, Sel-Way demanded arbitration. Its original claim in the amount of $902,550.43 was later amended to $4,000,000. By mutual agreement, the Spence/Sel-Way arbitration proceedings were adjourned pending Spence's settlement negotiations of its own arbitration claims against Washtenaw County.

---

[1] The Spence/Sel-Way contract incorporates the following arbitration clause from the owner/Spence contract:

> All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT-DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20 [of the owner/Spence contract], shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

The Spence/Sel-Way arbitration commenced in January, 1986, and on November 5, 1986, a three-member arbitration panel of the American Arbitration Association's Construction Industry Arbitration Tribunal awarded Sel-Way the sum of $1,572,442.12 plus $343,007.79 in interest, for a total award of $1,915,449.19 [sic]. Two days later, Sel-Way filed a complaint and motion in Washtenaw Circuit Court requesting the court to confirm the award and reduce it to judgment pursuant to MCR 3.602(I). Spence responded with an answer to the complaint and an application to vacate or modify the arbitration award on the grounds that there was evident partiality on the part of one of the arbitrators, MCR 3.602(J)(1)(b), and that the arbitrators had exceeded their power by awarding interest, MCR 3.602(J)(1)(c), MCR 3.602(K)(1)(b).[2]

Initially, on February 26, 1987, the trial judge issued an opinion and order denying Spence's motion to vacate or modify the arbitration award, but expressly allowed Spence thirty days to file a motion for reconsideration. On May 22, 1987, the trial court issued its further opinion and order in this matter. It denied Spence's motion for reconsideration. However, it did accept one of Spence's arguments and found that there was no contractual basis for the arbitrators' award of interest and ordered that the award be modified accordingly under MCR 3.602(K). The trial court also

[2] At that time, Spence also deposited $1,925,944.79, the total amount of the challenged award, with the Washtenaw County Clerk subject to disposition by court order. On March 8, 1990, after this Court denied Spence's application for leave to appeal, the trial court ordered that the noninterest portion of the award in the amount of $1,572,442.12 be paid to Sel-Way.

The court, by order dated October 31, 1990, authorized payment of $266,043.34 to Sel-Way. This payment represented interest on the $1,572,442.12 noninterest portion of the arbitration award at the rate of five percent per annum commencing from the date of the award through the date the judgment was satisfied.

rejected Sel-Way's argument that MCL 600.6013; MSA 27A.6013 entitled Sel-Way to interest at the rate of twelve percent commencing on the date it filed its complaint to confirm the arbitration award. Instead, the trial court held that pursuant to MCL 438.7; MSA 19.4 and MCL 438.31; MSA 19.15(1), Sel-Way was entitled to receive interest on the award at the rate of five percent per annum commencing on the date of the award. On July 24, 1987, judgment was entered ordering Spence to pay Sel-Way $1,572,442.12 plus interest at the rate of five percent per annum from the date the arbitration award was rendered until the date the judgment was paid.[3]

Both Spence and Sel-Way appealed in the Court of Appeals. Spence once again sought to vacate the award "due to alleged 'evident partiality' by one of the arbitrators and the failure of the arbitrators to state which of plaintiff's multiple claims were the bases of the award." 177 Mich App 118-119. Sel-Way cross-appealed and raised the same three issues it raises here, i.e., the propriety of the trial court's striking of the arbitrators' award of interest, the appropriate rate of interest under MCL 438.7; MSA 19.4, and the applicability of MCL 600.6013; MSA 27A.6013 under these circumstances. The Court of Appeals affirmed the decision of the trial court in all respects.

This Court denied Spence's application for leave to appeal, but held in abeyance Sel-Way's application for leave to appeal as cross-appellant pending its decision in *Old Orchard by the Bay Associates v Hamilton Mutual Ins Co*, 434 Mich 244; 454 NW2d 73 (1990). 433 Mich 912 (1989). On

---

[3] Subsequently, the trial court also denied Sel-Way's motion to correct the judgment, rejecting Sel-Way's argument that MCL 600.6013; MSA 27A.6013 is applicable under these circumstances and clarifying its position that five percent is the applicable interest rate both pre- and postjudgment.

October 29, 1990, this Court granted Sel-Way's application for leave to appeal and directed the parties to include argument on the following issues: (1) was it improper for the arbitrators to include interest as part of the award, (2) what interest rate applies under MCL 438.7; MSA 19.4 following entry of the arbitration award, and (3) at what point, if at all, is interest governed by MCL 600.6013; MSA 27A.6013? 436 Mich 881 (1990).

II

We first consider Sel-Way's contentions that the lower court erred when it modified the arbitration award by striking the amount identified as "interest" and that the Court of Appeals erred when it affirmed that decision. Spence argued, and the lower courts agreed, that the arbitrators exceeded the scope of their powers when they awarded $343,007.79 in interest absent express authority to do so under the terms of the Spence/Sel-Way contract. It is undisputed that there is no provision for interest in the Spence/Sel-Way contract.[4] Sel-Way contends nonetheless that the absence of an interest provision in the contract is not fatal. It

---

[4] Sel-Way apparently argued at one point that the Spence/Sel-Way contract incorporated ¶ 19.7 of the owner/Spence contract, which provides:

> If the OWNER fails to make payment thirty (30) days after approval by the ENGINEER, in addition to other remedies available to the CONTRACTOR, there shall be added to each such payment interest at the maximum legal rate commencing on the first day after said payment is due and continuing until the payment is received by the CONTRACTOR.

That claim appears to be abandoned by Sel-Way here perhaps by oversight or perhaps the parties now agree that ¶ 19.7 applied only to the owner/Spence contractual relationship and that the Spence/Sel-Way contract specified payment terms without reference to interest. In any event, we proceed on the assumption that the Spence/Sel-Way contract contains no provision for interest.

argues that the arbitrators properly included the interest amount as an element of damages by virtue of the parties' broad arbitration clause. This Court must determine whether the arbitrators did in fact exceed their powers when they granted preaward interest in Sel-Way's favor.[5]

Because the Spence/Sel-Way arbitration clause provides that judgment may be entered on the arbitration award, it falls within the definition of a "statutory arbitration," and is governed by MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq. DAIIE v Gavin,* 416 Mich 407, 417; 331 NW2d 418 (1982). MCL 600.5021; MSA 27A.5021 specifies that statutory arbitrations are to be conducted in accordance with the rules of the Michigan Supreme Court. In this context, the court rules provide the court with three options: it may confirm, modify or correct, or vacate the award. The court's power to modify, correct, or vacate an arbitration award, however, is very limited. MCR 3.602(J) and (K).[6] By narrowing the grounds upon which an arbitration decision may be invaded, the court rules preserve the efficiency and reliability of arbitration as an expedited, efficient, and informal means of private dispute resolution. See Callahan, Bramble & Lurie, Arbitration of Construction Disputes, § 8.6, p 185. See also *Westminster Construction Corp v PPG Industries, Inc,* 119 RI 205, 208-209; 376 A2d 708 (1977); *J A Jones Construction Co v Flakt, Inc,* 731 F Supp 1061, 1063 (ND Ga, 1990).

Although both MCR 3.602(J)(1)(c) and MCR 3.602(K)(1)(b) address the appropriate remedy when the court determines that the arbitrators

[5] Unlike the situation in *Old Orchard, supra,* the arbitrators' award of interest in this case encompasses a period during which neither MCL 438.7; MSA 19.4 nor MCL 600.6013; MSA 27A.6013 applies.

[6] The Michigan Court Rules adopt the same grounds for vacating, modifying or correcting an arbitration award as set out in the Uniform Arbitration Act. 7 ULA 5.

have exceeded the scope of their authority, the trial court in this case did not vacate the award under MCR 3.602(J)(1)(c). It modified the award under MCR 3.602(K)(1)(b) which provides:

> [T]he court shall modify or correct the award if:
>
> *  *  *
>
> (b) the arbitrator has awarded on a matter not submitted to the arbitrator, and the award may be corrected without affecting the merits of the decision on the issues submitted . . . .

Thus, MCR 3.602(K)(1)(b) is the pertinent court rule governing this appeal.

The appropriate standard of review for determining whether arbitrators have exceeded the scope of their authority was set forth by this Court in *DAIIE v Gavin, supra.* The *Gavin* Court elucidated the principle that it is the parties' contract which defines and limits their rights and duties and the arbitration clause or agreement which confers upon the arbitrators their authority to act. Since arbitrators derive their authority from the parties' contract and arbitration agreement, they are bound to act within those terms. 416 Mich 432. Stated otherwise, the parties' contract is the law of the case in this context. *Stowe v Mutual Home Builders Corp,* 252 Mich 492, 497; 233 NW 391 (1930).

Using these principles, the *Gavin* Court concluded that it is appropriate for reviewing courts to find that arbitrators have exceeded their power "whenever they act beyond the material terms of the contract from which they primarily draw their authority . . . ." 416 Mich 434. Thus, the proper role of the Court here is to examine whether the arbitrators have rendered an award which comports with the terms of the Spence/Sel-Way con-

tract. Furthermore, error, if any, must be evident from the face of the award and "so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." 416 Mich 443.

If an arbitration clause is written in broad and comprehensive language, i.e., language including all claims and disputes, the computation of damages for breach of contract is presumed to be included. 6 CJS, Arbitration, § 25, p 200. See also *Orion Shipping & Trading Co v Eastern States Petroleum Corp,* 312 F2d 299 (CA 2, 1963). Furthermore, an award will be presumed to be within the scope of the arbitrators' authority absent express language to the contrary. 2 MLP, Arbitration, § 5, p 469; 6 CJS, Arbitration, § 107, pp 334-335. See *General Telephone Co of Ohio v Communication Workers,* 648 F2d 452 (CA 6, 1981) (holding that awards should be upheld as long as they do not disregard the plain provisions of the contract). Thus, an allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision. Stated otherwise, courts may not substitute their judgment for that of the arbitrators and hence are reluctant to vacate or modify an award when the arbitration agreement does not expressly limit the arbitrators' power in some way. Callahan, Bramble & Lurie, *supra,* p 191; 6 CJS, Arbitration, § 162, pp 428-429. See also *Gavin, supra,* p 429; *Kaleva-Norman-Dickson School Dist v Kaleva-Norman-Dickson Teachers' Ass'n,* 393 Mich 583, 594-595; 227 NW2d 500 (1975).

With these principles in mind, we conclude that the trial court improperly modified the arbitration award by deleting the interest amount. We agree

with Sel-Way that the absence of an interest provision in the contract is not fatal. The arbitrators' authority to award interest as an element of damages is derived from the broad language contained in the Spence/Sel-Way arbitration clause which empowered the arbitrators to resolve all claims arising out of the contract or its breach.[7] Thus, they were given the authority to ascertain the parties' contractual obligations, to determine whether either party had breached the contract, the date the breach occurred, and the proper amount of damages, including the determination whether to include common-law interest as an element of damages in order to fully compensate Sel-Way for the loss of the use of its money.

Furthermore, the Spence/Sel-Way arbitration clause incorporates Rule 43 of the American Arbitration Association's Construction Industry Arbitration Rules (1986) which provides:

> The arbitrator may grant any remedy or relief which is just and equitable and *within the terms of the agreement of the parties.* [Emphasis added.]

Consequently, absent a provision expressly precluding authority to award interest as an element of damages, we find that the arbitrators did not exceed the scope of their authority by including an interest amount in their award.[8] This finding comports with MCL 600.5001(2); MSA 27A.5001(2) which provides:

> A provision in a written contract to settle by

---

[7] See n 1.

[8] It is precisely the lack of any express contractual provision concerning the arbitrators' authority to grant preaward interest which distinguishes this case from *Gavin, supra.* In *Gavin,* this Court found it necessary to vacate an arbitration award because the arbitrators had exceeded the scope of their authority by granting relief which conflicted with an express provision in the parties' contract.

arbitration . . . a controversy thereafter arising between the parties to the contract . . . shall stand as a submission to arbitration of any controversy arising under said contract *not expressly exempt* from arbitration by the terms of the contract. [Emphasis added.]

Finally, we acknowledge, as did the Court of Appeals, the fact that Michigan has long recognized the common-law doctrine of awarding interest as an element of damages. 177 Mich App 128-131. The doctrine recognizes that money has a "use value" and interest is a legitimate element of damages used to compensate the prevailing party for the lost use of its funds. See McCormick, Damages, § 50, pp 205-206. Furthermore, the decision whether to award interest as an element of damages is not dependent upon a contractual promise to pay interest. *Id.* See also *Mitchell v Reolds Farms Co,* 268 Mich 301, 313; 256 NW 445 (1934). As stated in *Banish v Hamtramck,* 9 Mich App 381, 399-400; 157 NW2d 445 (1968), the pivotal factor in awarding such interest is whether it is necessary to allow full compensation.[9]

It is our belief that the important purposes underlying arbitration are

better served by considering, in the absence of an explicit agreement to the contrary, pre-award damage claims, including interest, to have been submitted to arbitration. [*Sansone v Metropolitan Property & Liability Ins Co,* 30 Mass App 660, 663;

[9] The concept of common-law interest as an element of damages is distinct from the award of prejudgment interest which is derived from statute. See *Swift v Dodson,* 6 Mich App 480, 483; 149 NW2d 476 (1967), *Banish, supra* at 393-400, and *Matich v Modern Research Corp,* 430 Mich 1, 7, n 2; 420 NW2d 67 (1988). See also *Hettler Lumber Co v Olds,* 242 F 456 (CA 6, 1917); *Wright v Seeley,* 96 Mich 491; 56 NW 86 (1893). However, common-law interest as damages shares the same "full compensation" goals of MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013.

572 NE2d 588 (1991) (holding that it is improper for the trial judge to add preaward interest to an arbitration award).]

Commentators and courts in other jurisdictions have also concluded that arbitrators may include interest in an award unless the parties have expressly provided otherwise in their contract or arbitration agreement.[10]

Thus, we conclude that the Court of Appeals erroneously relied on the contract's silence concerning the right to interest and the parties' decision to arbitrate their disputes as conclusive evidence of their intent to postpone the date the payments owing under the contract were to be paid. In reaching that conclusion, the Court of Appeals violated the general principles of arbitration which preclude the courts from reinterpreting a contract, deciding contract disputes submitted to arbitration, and upsetting an award for reasons going to the merits of the claim. Implicit in the arbitration award is the fact that the arbitrators

[10] See Domke, On Commercial Arbitration (rev ed), § 30.03, p 447; Callahan, Bramble & Lurie, §§ 3.5, 7.22, and 8.10, pp 54-57, 165-168, 190-191. See also *Westminster Construction Corp, supra,* pp 210-211 (recognizing, as a general rule, that arbitrators may award interest, even if not claimed, unless the parties have specifically provided otherwise in their agreement); *Wayne Distributing Co v Piti Bldg Co, Inc,* 512 A2d 870, 871 (RI, 1986) (following the rule in *Westminster*); *In re Arbitration between Burke and Corn,* 191 NY 437; 84 NE 405 (1908) (concluding that an arbitrator did not exceed his authority in awarding interest although the arbitration agreement was silent concerning interest); *J A Jones Construction Co v Flakt, Inc,* supra; *St Tammany Manor v Spartan Bldg Corp,* 509 So 2d 424 (La, 1987) (holding that the trial court improperly modified the arbitration award which gave preaward interest to the prevailing construction contractor beginning on the date the project was substantially completed); *Moran v Arcano,* 1990 US Dist LEXIS 9349 (SD NY, 1990) (holding that arbitrators may, in their discretion, provide for preaward interest and that, when they do, it becomes part of their award upon which judgment is entered, but that if the award is silent regarding preaward interest, the court cannot award it. In contrast, however, the award of postaward, prejudgment interest is a matter left with the court).

found that Spence had breached the parties' contract and that Sel-Way was to receive monetary damages in the amount of $1,572,442.12. It is also conceivable, as Sel-Way argues, that the interest amount reflects the arbitrators determination that Sel-Way should be compensated in the form of interest for the lost use of the $1,572,442.12. Consequently, in light of the parties broad arbitration clause, the broad relief permitted under Rule 43, and the fact that Michigan law recognizes the concept of interest as an element of damages, we conclude there is no substantial or material error evident from the face of the arbitration award. Thus, we hold that the Court of Appeals and the trial court erred in modifying the award by deleting the preaward interest amount and providing a monetary remedy different from that of the arbitrators. Such a modification could not be accomplished without affecting the merits of the decision on the issues submitted. MCR 3.602(K)(1)(b). We remand this matter to the trial court so that it may reinstate the interest portion of the arbitration award.

III

Next, we determine what interest rate applies under MCL 438.7; MSA 19.4, following the entry of an arbitration award. Both Spence and Sel-Way agree that prejudgment interest under MCL 438.7; MSA 19.4 commences on the date the arbitration award is rendered. *Old Orchard, supra* at 250. Thus, the issues to be resolved here concern the appropriate rate of interest allowed under MCL 438.7; MSA 19.4 and at what point, if at all, interest is governed by MCL 600.6013; MSA 27A.6013.

After an arbitration award is rendered, the suc-

cessful party has one year to commence a civil action requesting that the court confirm the award and reduce it to judgment. MCR 3.602(I). Sel-Way argues that the plain language and history of MCL 438.7; MSA 19.4[11] establishes an intent to allow the prevailing party prejudgment interest in the period commencing on the date an arbitration award is rendered and terminating at either the date the award is voluntarily paid or the date the award is reduced to judgment, whichever first occurs. *Bolt v Nelson,* 263 Mich 158; 248 NW 581 (1933), *Wright v Seeley,* 96 Mich 491; 56 NW 86 (1893), and *Hettler Lumber Co v Olds,* 242 F 456 (CA 6, 1917). Stated otherwise, once judgment is rendered, MCL 438.7; MSA 19.4 is no longer applicable and MCL 600.6013; MSA 27A.6013 governs.

Sel-Way also contends that the legislative histories of both MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 establish that the rate of interest to be applied under MCL 438.7; MSA 19.4 is the same as that applicable under MCL 600.6013; MSA 27A.6013. Consequently, the judgment interest rate of MCL 600.6013; MSA 27A.6013 governs from the date of the arbitration award until either its payment or, in the event that the award is reduced to judgment, the date the judgment is satisfied.

---

[11] MCL 438.7; MSA 19.4 provides:

In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court or by any other mode of assessment according to law, it shall be lawful, unless such verdict, report, award, or assessment shall be set aside, to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof, or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment.

In the event that this Court rejects this argument, Sel-Way argues, in the alternative, that the plain language and purposes underlying both MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 require that this Court find that MCL 438.7; MSA 19.4, with interest at the rate of five percent per annum, governs only the postaward, precomplaint period. Once a complaint is filed requesting a court to confirm the award and reduce it to judgment, the judgment interest rate under MCL 600.6013; MSA 27A.6013 governs and continues in effect until the date judgment is satisfied. Sel-Way asserts that when MCL 600.6013; MSA 27A.6013 was amended to allow recovery of prejudgment interest in contract actions for a period simultaneously covered by MCL 438.7; MSA 19.4, that portion of MCL 438.7; MSA 19.4 which conflicts with § 6013 was repealed by implication.

In essence, Sel-Way asks this Court to complete the work begun in *Old Orchard, supra.* It urges us to adopt its construction of MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 and to allow uniform application in all contract actions, whether emanating from statutory arbitration or litigation. Failure to do so, it warns, provides an economic disincentive to resolve disputes through arbitration and violates this state's policy which encourages arbitration as a method of dispute resolution.

Spence argues, and the lower courts agreed, that only MCL 438.7; MSA 19.4 governs the award of interest under these facts. This includes the entire period of time from the date the arbitration award is rendered until the date it is paid, or, in the event it is reduced to judgment, the date judgment is satisfied. Furthermore, Spence argues that the

appropriate rate of interest under that statute is five percent per annum.

We hold that the appropriate rate of interest under MCL 438.7; MSA 19.4 is five percent per annum. However, we agree with Sel-Way that the plain language of both MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 requires this Court to find that MCL 438.7; MSA 19.4 governs the award of interest from the date an arbitration award is rendered until the date a civil complaint is filed to confirm the award and reduce it to judgment. MCL 600.6013; MSA 27A.6013 governs the award of interest from the date a complaint is filed until judgment is satisfied. Thus, we affirm in part and reverse in part the decision of the Court of Appeals.

### A

To ascertain the appropriate rate of interest under MCL 438.7; MSA 19.4, we consider the language, history, and general purposes under-lying both MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013. Both statutes share a common origin as well as common purposes, i.e., to encourage prompt payment of either an award or judgment and thus compensate prevailing parties for the lost use of funds due them during the time the amount remains unpaid. When initially en-acted, current MCL 438.7; MSA 19.4 addressed prejudgment interest and MCL 600.6013; MSA 27A.6013 addressed postjudgment interest. These statutes were enacted at the same legislative ses-sion and appeared side-by-side under the same heading in ch 6 of the Revised Statutes of 1838. Subsequently, the pre- and postjudgment statutes were assigned to different chapters. See *Old Or-chard, supra* at 254-256 and ns 14-17 for a detailed

discussion of the legislative history of these statutes.

A critical difference between MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 is that MCL 438.7; MSA 19.4 has historically omitted an interest rate whereas MCL 600.6013; MSA 27A.6013 has consistently designated an applicable interest rate. See, generally, Griffin, *Prejudgment interest in contract actions,* 67 Mich B J 250 (1988). This Court, several panels of the Court of Appeals, and federal courts interpreting Michigan law have consistently filled the interest rate gap in MCL 438.7; MSA 19.4 by incorporating the "legal rate" provided under MCL 438.31; MSA 19.15(1).[12] *Solakis v Roberts,* 395 Mich 13, 19; 233 NW2d 1 (1975), *Western Casualty & Surety Co v Garden City,* 151 Mich App 83; 390 NW2d 687 (1986), *Morgan v Kamil,* 144 Mich App 171; 375 NW2d 378 (1985), *Osinski v DAIIE,* 69 Mich App 426; 245 NW2d 76 (1976), *Ramada Development Co v United States Fidelity & Guaranty Co,* 626 F2d 517 (CA 6, 1980), and *Hi-Way Electric Co v Pathman Construction Co,* 404 F Supp 398 (ED Mich, 1971).

Although the Legislature has made numerous amendments to the predecessors of both MCL 438.31; MSA 19.15(1) and MCL 600.6013; MSA 27A.6013, it has not amended MCL 438.7; MSA 19.4. Despite that fact and the courts' consistent incorporation of MCL 438.31; MSA 19.15(1)'s "legal rate" into MCL 438.7; MSA 19.4, Sel-Way urges this Court to borrow the interest rate provided under MCL 600.6013; MSA 27A.6013 and incorporate it under MCL 438.7; MSA 19.4. We decline to do so. It is a well-established principle of statutory

---

[12] MCL 438.31; MSA 19.15(1) "creates different 'legal rates' for different transactions and a minimum 'legal rate' when the parties don't specify the rate." Griffin, *supra* at 252.

construction that the Legislature is presumed to act with knowledge of statutory interpretations by the Court of Appeals and this Court. *Longstreth v Gensel,* 423 Mich 675, 691; 377 NW2d 804 (1985). Thus, we believe that if the Legislature had intended such an interpretation of MCL 438.7; MSA 19.4, it would adopt explicit language clarifying that intent. Finally, if this Court were to borrow the interest rate from MCL 600.6013; MSA 27A.6013 and apply it to MCL 438.7; MSA 19.4, this Court's action would render MCL 438.7; MSA 19.4 meaningless. For these reasons, we hold that MCL 438.31; MSA 19.15(1) supplies the appropriate interest rate under MCL 438.7; MSA 19.4. Thus, we affirm the decision of the Court of Appeals on this issue.

B

Finally, we must determine at what point in time, if at all, postaward statutory interest is governed by MCL 600.6013; MSA 27A.6013. We agree with Sel-Way that the plain language and legislative history of MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 compel us to conclude that MCL 438.7; MSA 19.4 is purely a prejudgment statute. Its application terminates on the date judgment is rendered. *Wright v Seeley, supra; Hettler Lumber Co v Olds, supra.* Thus, whether or not a complaint is filed seeking to have an arbitration award confirmed and reduced to judgment, MCL 600.6013; MSA 27A.6013 is the appropriate statute to look to for the award of postjudgment interest.

For over a century, the two interest statutes worked in tandem in contract actions. The predecessor to MCL 438.7; MSA 19.4 governed prejudgment interest and the predecessor to MCL

600.6013; MSA 27A.6013 governed the award of postjudgment interest. MCL 438.7; MSA 19.4 encouraged prompt payment of arbitration awards by allowing additional compensation in the form of interest for the lost use of that monetary award and MCL 600.6013; MSA 27A.6013 encouraged the prompt payment of judgment in the same manner. In 1965, however, MCL 600.6013; MSA 27A.6013 was amended to provide for prejudgment interest on money damages recovered in a civil action commencing on the date a complaint was filed. MCL 600.6013(1), (4); MSA 27A.6013(1), (4).[13] The amendment also allowed prejudgment interest at a more competitive rate than that allowed under MCL 438.7; MSA 19.4. Thus, § 6013 currently provides an added economic incentive for prompt settlement or payment.

As a result of the 1965 amendment to MCL 600.6013; MSA 27A.6013, Michigan now has two statutes addressing prejudgment interest in contract actions. The statutes both allow interest for the period of time which commences with the date a civil complaint is filed and ends on the date judgment is rendered. As this Court observed in *Old Orchard, supra* at 257-260, the overlapping of the prejudgment provisions of MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013

> causes two formerly compatible statutes to be in irreconcilable conflict. Only by concluding that the

---

[13] The statute provides:

(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.

* * *

(4) For complaints filed on or after June 1, 1980, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually . . . .

§ 6013 interest provision has repealed MCL 438.7; MSA 19.4 by necessary implication, insofar as civil actions are concerned, can any sense be made of the two interest statutes.

While repeals by implication are not favored, it is a question of legislative intent whether or not there has been such a repeal of an earlier statute by a subsequently enacted one. See *Attorney General ex rel Owen v Joyce,* 233 Mich 619, 621; 207 NW 863 (1926); *Yarger v City of Hastings,* 375 Mich 413, 417; 134 NW2d 726 (1965). The latest legislative expression on the entitlement to prejudgment interest must control where two interest statutes specifically address the issue of entitlement and cannot be harmonized. [*Id.* at 257.]

In *Old Orchard,* this Court found an implied repeal of MCL 438.7; MSA 19.4 in circumstances where the parties in a contract dispute had no prior agreement to arbitrate, a civil action had commenced, and the parties later voluntarily submitted their dispute to arbitration. We agree with Sel-Way that there is no principled reason to distinguish between those circumstances and the circumstances presented in this case, i.e., where the civil action is commenced solely to have an arbitration award confirmed and reduced to judgment. After the 1965 amendment, the two statutes are in conflict in all contract disputes where both MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 apply. Any dicta to the contrary in *Old Orchard* is disavowed. Thus, we reverse the decision of the Court of Appeals on this issue and hold that MCL 600.6013; MSA 27A.6013 governs the award of interest from the date a complaint is filed requesting confirmation of an arbitration award and continues until the judgment rendered on the award is satisfied.

MCL 600.6013; MSA 27A.6013 applies to money judgments recovered in a civil action. The words

"in a civil action" were added by amendment in 1961. 1961 PA 236, ch 60, § 6013. In Michigan, "civil action" is broadly defined as an action "commenced by filing a complaint with a court." MCR 2.101(B), MCL 600.1901; MSA 27A.1901. The procedure to obtain a money judgment on an arbitration award is governed by the rules applicable to civil actions and commences with the filing of a complaint with a court. MCR 3.602. See also Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Rule 3.602, p 97. Moreover, such an action has procedural attributes similar to other "civil actions," i.e., service of the proceedings is governed by MCR 2.105, and appeals from a judgment confirming an arbitration award are taken as in other civil actions, MCR 3.602(N). In addition, courts have the authority under MCR 3.602(I) and (J) to consider both the propriety of the arbitration process and the award and to confirm, modify, correct, or vacate the award. MCL 600.5035; MSA 27A.5035 clarifies that

> [n]othing contained in this [statutory arbitration] chapter shall be construed to impair, diminish, or in any manner to affect the equitable power and authority of any court over arbitrators, awards, or the parties thereto . . . .

We agree with Sel-Way that the reason for filing a civil action has no bearing on the nature of the proceeding. Once the complaint is filed, as long as it results in a money judgment, MCL 600.6013; MSA 27A.6013 is triggered by its terms. The mere fact that a civil action follows after arbitration proceedings have been completed does not preclude application of the literal language of § 6013.

Moreover, there is every reason to apply § 6013 and none to preclude its application under these

circumstances. First, MCL 600.6013; MSA 27A.6013 is a remedial statute which is to be liberally construed to give effect to its intent and purposes. *Denham v Bedford,* 407 Mich 517, 528-529; 287 NW2d 168 (1980). Second, the policies underlying § 6013 work equally as well on these facts, i.e., awarding the higher rate of interest under § 6013 serves to encourage early settlement of arbitration disputes and to compensate the prevailing party for litigation expenses and the delay in receiving money damages. See *Rittenhouse v Erhart,* 424 Mich 166, 191; 380 NW2d 440 (1985). Finally, to ignore the plain language of § 6013 and preclude its application in this context creates an economic disincentive for parties to choose arbitration as a means of dispute resolution. Thus, by applying § 6013 here, we enforce the policy of this state which encourages arbitration as a method of dispute resolution. *DAIIE v Gavin, supra* at 435. In light of the above, we reverse the decision of the Court of Appeals on this issue and hold that, in civil actions instituted to confirm an arbitration award and reduce it to judgment, § 6013 governs the award of interest from the date the complaint is filed and continues until the date judgment is satisfied. We remand this case to the trial court to compute the proper award of interest.

IV

Sel-Way has urged this Court to assure that prevailing parties in arbitration proceedings receive full compensation. This decision accomplishes that goal within the confines of the parties' contract and this state's pre- and postjudgment interest statutes. On the question of preaward interest, we conclude that the arbitrators properly included interest as part of their award. Further-

more, postaward, prejudgment interest is governed by MCL 438.7; MSA 19.4. The rate of interest applicable under MCL 438.7; MSA 19.4 is the legal rate found under MCL 438.31; MSA 19.15(1). Under these circumstances, MCL 438.7; MSA 19.4 governs the award of interest from the date an arbitration award is rendered until the earlier of either payment or the date a complaint is filed to confirm the award and reduce it to judgment. MCL 600.6013; MSA 27A.6013 governs the award of interest from the date the complaint is filed until the date judgment is satisfied.

We reverse in part and affirm in part the decision of the Court of Appeals and remand this case to the trial court to reinstate the interest portion of the award and to recompute the proper postaward statutory interest under MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013.

CAVANAGH, C.J., and LEVIN, BRICKLEY, RILEY, GRIFFIN, and MALLETT, JJ., concurred with BOYLE, J.