# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER LYNNE ELLIS,

        Plaintiff-Appellee,

v

RANDALL SCOTT ELLIS,

        Defendant-Appellant.

UNPUBLISHED
August 6, 2015

No. 321972
Oakland Circuit Court
LC No. 2012-803210-DM

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right a judgment of divorce. The parties were married in 1996, they had three children, all of whom are still minors, and there was no dispute from the outset of this litigation, commenced in 2012, that the marriage was over. The parties stipulated to have the matter ordered to binding arbitration. The judgment of divorce was entered pursuant to the arbitrator's award. Defendant takes exception to several aspects of that award. We affirm.

"This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award." *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010). A domestic relations arbitration award may be vacated only under the four circumstances enumerated in MCL 600.5081(2). *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). The only circumstance at issue here, the "'the arbitrator exceeded his or her powers' provision," MCL 600.5081(2)(c), codifies long-standing common law, under which "the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law." *Id*. at 672. Arbitration awards generally may only be confirmed, modified or corrected, or vacated pursuant to MCR 3.602(J) and (K). *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 495; 475 NW2d 704 (1991). MCR 3.602(J)(2)(c) provides the same basis as does MCL 600.5081(2)(c). The scope of an arbitrator's authority is defined by the parties' contract, which is therefore the law of the case; furthermore, any error must be both substantial and evident on the face of the award. *Gordon Sel-Way*, 438 Mich at 496-497. Reviewing courts may not review the arbitrator's findings of fact or thought processes, and a substantial error means that the award itself would otherwise have been substantially different. *Washington*, 283 Mich App at 672-673.

Defendant makes several substantive and one procedural argument that the arbitration award should be vacated. Substantively, defendant contends that the arbitrator exceeded his

authority by imputing income to him beyond what he reported, failing to give him a credit against his child support obligations for predicted overnight visits with the children, and failed to give him credit for certain allegedly separate property. Procedurally, defendant contends that the arbitrator failed to record certain parts of the proceedings.

It is obvious from the face of the arbitration award that there was substantial evidence that defendant had a much higher income than he reported, as shown by the parties' lifestyle and expenditures. Defendant's argument is premised on the assumption that the arbitrator was not permitted by law to consider evidence of his income beyond what he reported. Not only has defendant cited no law to that effect, we have not found any. If anything, the arbitrator gave defendant the benefit of the doubt by imputing to him *merely* the same amount of income as that of plaintiff. No error is apparent on the face of the arbitration award.

There is apparently no dispute that defendant never actually exercised any parenting time with the children, or at least he exercised no overnight parenting time. Defendant contends that the arbitrator was legally obligated to provide him with an offset to his child support obligations based on a likely number of overnights the children would spend with him. Even if that was true, the arbitrator did not obviously make any mistake in concluding that *no* overnights were likely based on the available evidence. The fact that defendant was awarded "reasonable parenting time" does not necessarily constitute a finding that defendant would actually exercise any such time. No error of law is apparent on the face of the award.

The arbitrator correctly stated that property acquired by a spouse prior to the marriage is considered separate property, albeit only to the extent of whatever equity the spouse held in that property up to the time of the marriage. *Korth v Korth*, 256 Mich App 286, 291-293; 662 NW2d 111 (2003). Any increase in value to a marital home during the course of the marriage is considered to be part of the marital estate. *Id*. Defendant contends that he should have received credit for the pre-marital equity he held in that home.

Rather than conclude that it was appropriate to invade separate assets, the arbitrator found that the marital home had "merged into the marital estate." Consequently, the arbitrator must have found that the parties essentially commingled their assets, which would cause any such commingled assets that are *treated* as marital property to *become* marital property. See *Cunningham v Cunningham*, 289 Mich App 195, 201-202; 795 NW2d 826 (2010). Although defendant obviously disputes any such factual finding, that *is* a factual finding, and one that is entirely permitted under the law.

This Court may simply not review an arbitrator's factual findings; this Court is limited to determining whether the arbitrator violated a principle of law. Because there is nothing inherently impermissible about making a factual finding that the parties commingled their separate assets into a single marital estate, which would then be subject to division, this Court may not find a legal error on the face of the arbitration award. Defendant makes a functionally identical argument regarding the alleged pre-marital value of his business, which fails for the same reasons: the arbitrator recognized that defendant had owned the business prior to the marriage but that it had since become a marital asset.

Finally, defendant argues that pursuant to MCL 600.5077(2), "[a] record shall be made of that portion of a hearing that concerns child support, custody, or parenting time in the same manner required by the Michigan court rules for the record of a witness's testimony in a deposition." Our Supreme Court has held in no uncertain terms that failing to record arbitration proceedings when required pursuant to MCL 600.5077(2) is an exceedance of the arbitrator's legal authority. It appears that there is no dispute that the alleged omission took place and that the arbitrator in fact did not record the proceedings. Furthermore, the record fails to support plaintiff's assertion that matters of custody and parenting time were not referred to arbitration along with the rest of the instant matter. We agree with defendant that parties "may not waive the availability of an evidentiary hearing if the circuit court determines that a hearing is necessary to exercise its independent duty under the Child Custody Act, MCL 722.25." *MacIntyre v MacIntyre*, 472 Mich 882; 693 NW2d 822 (2005).

However, defendant raises this concern for the first time on appeal. *This* Court is generally not obligated to consider a matter that a party failed, either out of negligence or because they did not deem it important, to raise below. *Polkton Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). A party is not entitled to relief for an error to which that party meaningfully contributed, either negligently or by intentional design. *Farm Credit Services of Michigan's Heartland, PCA v Weldon*, 232 Mich App 662, 684; 591 NW2d 438 (1998). The purpose of the recording requirement is to enable courts to review matters of child custody and to ensure the rights and interests of the child or children. See *Harvey v Harvey*, 470 Mich 186, 191-194; 680 NW2d 835 (2004). We find dispositive that defendant has not sought review, or even expressed any concern about, issues of custody, parenting time, or the rights or interests of the children. Although this Court *may* dispense with issue preservation requirements in the interests of justice, *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002), doing so here would be improper. See *Napier v Jacobs*, 429 Mich 222, 227-229; 414 NW2d 862 (1987). We therefore decline to provide defendant with any relief on this basis.

Affirmed.


/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause