MARVIN v MARVIN

Docket No. 148330. Submitted November 9, 1993, at Grand Rapids. Decided December 29, 1993, at 9:05 A.M.

Jacquelyn A. Marvin brought an action in the Kent Circuit Court against Steven L. Marvin, seeking separate maintenance. The defendant filed a cross-complaint for divorce. The parties agreed to binding arbitration to resolve their property settlement matters. The court, Michael R. Smolenski, J., entered an order for mandatory mediation, which provided that both parties understood that the mediation would be final and that the standard rules of court procedure would be waived to expedite the entry of a judgment. The order was approved and signed by the court, the defendant, and the plaintiff and her attorney. Following the issuance of the mediator's opinion, the plaintiff moved for entry of a judgment of divorce. The defendant objected, arguing that the mediator's opinion contained several errors and inconsistencies. The defendant then presented his objections to the mediator, who responded that a change in the opinion was unnecessary. The court entered a judgment consistent with the mediator's opinion. The defendant appealed from the court's denial of his motion to set aside the judgment.

The Court of Appeals *held:*

The defendant was bound by the recommendation of the mediator.

1. The defendant would have been entitled to a trial, pursuant to MCR 3.211(A)(3) and (H)(3), currently MCR 3.216(A)(3) and (H)(3), had he agreed to a standard form of mediation. However, he is bound by his acceptance of mandatory mediation and agreements to accept the mediation as final and to waive the standard rules of procedure.

2. The binding mediation was permissible under MCR 3.211(A)(3), currently 3.216(A)(3).

3. There was no fraud or duress with regard to the agreement to accept binding mediation.

Affirmed.

REFERENCES

Am Jur 2d, Alternative Dispute Resolution (New Topic Service) §§ 5, 29; Divorce and Separation § 826.

See ALR Index under Alternative Dispute Resolution; Divorce and Separation.

DIVORCE — BINDING MEDIATION.
  The parties to a divorce action may agree to submit certain issues
  to a third party and to accept the decision of the third party as
  binding; absent a showing of such factors as fraud or duress,
  the decision of the third party is binding (MCR 3.211[A][3],
  currently MCR 3.216[A][3]).

*Joseph S. Smigiel, Jr.,* for the plaintiff.

*Kenneth J. Sanders, P.C.* (by *Kenneth J. Sanders*), for the defendant.

Before: McDONALD, P.J., and MURPHY and TAYLOR, JJ.

PER CURIAM. Defendant appeals as of right from a November 1, 1991, judgment of divorce. We affirm.

The parties were married on September 12, 1981. Two children were born during the marriage. On August 1, 1989, plaintiff filed a complaint for separate maintenance. On March 20, 1990, defendant filed a cross-complaint for divorce.

The parties agreed to binding arbitration to resolve their property settlement matters. On April 9, 1991, the trial court entered an order for "mandatory mediation," which provided that "both parties understand the effect of mandatory mediation which shall be final and the standard rules of Court procedure shall be waived to expedite the entry of a Judgment in this cause." This order was approved and signed by the trial court, defendant, plaintiff, and the attorney for plaintiff.

An attorney mediator was selected and, on October 2, 1991, the mediator issued his opinion regarding the division of the marital assets. On October 9, 1991, plaintiff moved for entry of judgment of divorce in accordance with the decision of the mediator. In his answer to plaintiff's motion,

defendant argued there were several errors and inconsistencies in the opinion of the mediator.

Defendant was given an opportunity to present his objections to the mediator, who responded that no change in the mediation opinion was necessary. The trial court then entered the judgment of divorce, which comported with the mediation opinion. Defendant moved to set aside the judgment because he had objected to the mediator's findings. The trial court denied the motion on the ground that defendant was bound by the mediator's decision.

Defendant argues that he is entitled to a trial with regard to all or part of the mediator's recommendation that he rejected. To support his argument, defendant relies upon MCR 3.211, which governs the area of domestic relations mediation.[1] Defendant asserts that binding mediation is contrary to the spirit and intent of this court rule. Further, defendant specifically cites MCR 3.211(H)(3),[2] which provides:

> If the mediator's recommendation is not accepted by both parties in its entirety, the case shall proceed to trial. Even if portions of the recommendation have been accepted by both parties, either party may demand a trial on all issues.

We conclude that defendant would have been entitled to a trial if he had agreed to a standard form of mediation. However, MCR 3.211(H)(3) does not apply in this case because the parties entered into a mandatory mediation and agreed that the effect of the mandatory mediation would be final

---

[1] MCR 3.211 was in effect at the time this case was decided by the trial court. In 1993, this court rule was renumbered as MCR 3.216, and was amended with only minor changes for grammar and style. MCR 3.216 note (1993).

[2] Current version at MCR 3.216(H)(3).

and the standard rules of procedure would be waived to expedite the entry of a judgment. This binding mediation was permissible under MCR 3.211(A)(3),[3] which states that nothing in this rule "prohibits the court from ordering, on stipulation of the parties, the use of modified mediation or other settlement procedures." Although MCR 3.211 allows for binding mediation, this court rule does not require parties to agree to binding mediation. Indeed, under this court rule, parties can object to mediation or can agree to a standard version of mediation where the case will proceed to trial if both parties do not accept the mediator's recommendation.[4]

In *Balabuch v Balabuch,* 199 Mich App 661, 662; 502 NW2d 381 (1993), this Court ruled that where the parties to a divorce action agree to submit certain issues to a third party and to accept the decision of the third party as binding, they are bound by the third party's decision absent a showing of such factors as duress or fraud. In this case, there are no allegations of duress or fraud. Therefore, defendant was bound by the recommendation of the mediator and the trial court did not err in so ruling.

Affirmed. Plaintiff may tax costs.

---

[3] Current version at MCR 3.216(A)(3).

[4] The same general principles that existed under MCR 3.211(A)(3) and (H)(3) continue to exist under MCR 3.216(A)(3) and (H)(3).