BRUCKER v McKINLAY TRANSPORT, INC

Docket Nos. 151588, 153991. Submitted February 21, 1995, at Lansing. Decided July 25, 1995, at 9:05 A.M.

Wilbur M. Brucker, Jr., individually and on behalf of former shareholders of U.S. Truck Company, Inc., brought an action in the Macomb Circuit Court against McKinlay Transport, Inc., and others, seeking a determination with regard to the interpretation of the stock purchase agreement reached when McKinlay purchased U.S. Truck. McKinlay also filed a complaint to have the dispute arbitrated pursuant to the terms of the purchase agreement and the rules of arbitration that the parties had agreed to. The matter was submitted to arbitration, but the arbitrator was unable to resolve a question of law. Therefore, pursuant to the rules of arbitration, the arbitrator included in its findings alternative interpretations of the issue, one of which the trial court was to adopt. The trial court, Michael D. Schwartz, J., made a determination regarding the question of law and entered a judgment for the plaintiff. McKinlay and others filed separate appeals from the court's order denying McKinlay's objections to the arbitrator's report and from the trial court's order and judgment. The appeals were consolidated.

The Court of Appeals *held:*

The arbitration agreement is not enforceable at law. The orders and judgment of the trial court must be vacated.

1. The doctrine of law of the case does not apply in this case to preclude a challenge to the enforceability of the arbitration agreement. A previous decision by the Court of Appeals in this case regarding the parties' dispute over the choice of the arbitrator did not decide the question whether the arbitration agreement was enforceable at law. The Court of Appeals has the authority to decide whether the arbitration agreement is enforceable at law.

2. The parties were entitled to submit this dispute to statutory arbitration by their own agreement. However, because the

REFERENCES

Am Jur 2d, Alternative Dispute Resolution §§ 74, 86, 87.
See ALR Index under Arbitration and Award.

rules of arbitration state that judgment shall enter on the arbitrator's findings, this method of resolution falls within the definition of statutory arbitration and is governed by MCR 3.602 and MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.* Having invoked statutory arbitration, the issue of contract interpretation is a matter for the arbitrator only and the parties could not attempt to give the power of contract interpretation to the circuit court. The parties could not create a hybrid form of arbitration after invoking statutory, binding arbitration.

3. The parties' arbitration agreement and rules of arbitration are not enforceable at law because they do not comply with the applicable court rule and statutes.

Orders and judgment vacated.

O'CONNELL, J., dissenting, stated that the entire arbitration agreement need not be declared unenforceable, that only the clauses of the arbitration agreement that are contrary to the statutory arbitration act, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.*, should be struck, and that the matter should be remanded to the arbitrator for prompt resolution of the issues unlawfully submitted to the circuit court. Further review would be limited to that provided for in the statutory arbitration act.

1. ARBITRATION — JUDICIAL QUESTIONS.

The existence of a contract to arbitrate and the enforceability of its terms are judicial questions that cannot be decided by the arbitrator.

2. ARBITRATION — STATUTORY ARBITRATION — CONTRACT INTERPRETATION.

Parties that invoke statutory, binding arbitration must proceed according to the applicable court rule and statutes and may not create their own arbitration device; having invoked statutory arbitration, the issue of contract interpretation is a matter for the arbitrator only and the parties may not attempt to give the power of contract interpretation to the circuit court (MCR 3.602; MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.*).

*Freeman McKenzie* (by *George J. Freeman* and *Katherine Wheeler King*), for the plaintiff.

*Dykema Gossett PLLC* (by *Craig L. John* and *Mary E. Royce*), for McKinlay Transport, Inc.

Before: HOLBROOK, JR., P.J., and JANSEN and O'CONNELL, JJ.

JANSEN, J. In these consolidated appeals, McKinlay Transport, Inc., appeals as of right from an April 6, 1992, order of the Macomb Circuit Court denying McKinlay's objections to an arbitrator's report and the trial court's order and judgment of June 8, 1992. This appeal stems from the trial court's interpretation of an arbitration agreement entered into by the parties. We find that the arbitration agreement is not enforceable at law and we, therefore, vacate the orders and judgment of the trial court.

Plaintiff Wilbur M. Brucker, Jr., is the designated representative of the shareholders of U.S. Truck Company, Inc. McKinlay purchased U.S. Truck in 1982. On May 13, 1982, the parties entered into a stock purchase agreement. They supplemented the agreement on November 1, 1982. The agreement provided that McKinlay would pay U.S. Truck ninety percent of the consolidated book value of the company. The value was to be determined on the date McKinlay took control of U.S. Truck. The book value was not to be calculated for some time after the control date because of the complexity of the purchase agreement and the fact that U.S. Truck was still an operating business.

Arthur Young & Company, an accounting firm, completed its audit in July 1984 pursuant to the purchase contract's provision that it would determine the consolidated book value of the company. Arthur Young & Company appraised the stock purchase price at $1,710,150.30. McKinlay disputed the result of the audit and filed a complaint to have the dispute arbitrated. Under the stock purchase agreement, the parties had agreed that should either dispute the audit, such dispute would be arbitrated. The choice of the arbitrator was greatly contested and this issue eventually made

its way to this Court. *Whitmore v McKinlay Transport, Inc,* unpublished opinion per curiam of the Court of Appeals, decided June 27, 1989 (Docket No. 98441). Eventually, on August 28, 1989, the parties stipulated that Seidman & Seidman (now BDO Seidman) would be the arbitrator.

On December 5, 1991, BDO Seidman issued its arbitrator's findings. BDO Seidman was unable to resolve one question of law, and, pursuant to the arbitration rules adopted by the parties, included in its findings alternative interpretations of the issue, one of which the trial court was to adopt. The question was whether the phrase "any other benefits" as used in the stock purchase agreement was to include pension plans. This was an $8,336,600 question.

Under the arbitration agreement, where the arbitrator gave alternative interpretations of an issue, the trial court was to accept one of the two

its way to this Court. *Whitmore v McKinlay Transport, Inc,* unpublished opinion per curiam of the Court of Appeals, decided June 27, 1989 (Docket No. 98441). Eventually, on August 28, 1989, the parties stipulated that Seidman & Seidman (now BDO Seidman) would be the arbitrator.

On December 5, 1991, BDO Seidman issued its arbitrator's findings. BDO Seidman was unable to resolve one question of law, and, pursuant to the arbitration rules adopted by the parties, included in its findings alternative interpretations of the issue, one of which the trial court was to adopt. The question was whether the phrase "any other benefits" as used in the stock purchase agreement was to include pension plans. This was an $8,336,600 question.

Under the arbitration agreement, where the arbitrator gave alternative interpretations of an issue, the trial court was to accept one of the two

and that the trial court's judgment should be upheld. Upon careful review of the arbitration agreement and the court rule and statutes governing arbitration in this case, we conclude that the arbitration agreement is not enforceable at law.

As a preliminary matter, we do not agree with plaintiff's position that the doctrine of law of the case applies to preclude a challenge to the enforceability of the arbitration agreement. Under the doctrine of law of the case, an appellate court's decision concerning a particular issue binds courts of equal or subordinate jurisdiction during subsequent proceedings in the same case. *Michigan State AFL-CIO v Civil Service Comm (After Remand),* 208 Mich App 479, 484-485; 528 NW2d 811 (1995). A legal question may not be decided differently where the facts remain materially the same. *Id.,* p 485. The doctrine applies only to those questions specifically determined in the prior decision and to questions necessarily determined in arriving at that decision. *Id.*

The previous opinion by this Court did not decide the question whether the arbitration agreement was enforceable at law. That issue was not raised, decided, or necessarily determined in arriving at the ultimate decision. Moreover, the existence of a contract to arbitrate and the enforceability of its terms are judicial questions that cannot be decided by the arbitrator. *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95, 99; 323 NW2d 1 (1982). Thus, this Court has the authority to decide whether the arbitration agreement is enforceable at law.

We do not question that the parties were entitled to submit this dispute to statutory arbitration by their own agreement. MCL 600.5001; MSA 27A.5001. The stock purchase agreement provides in relevant part:

2.3 *Dispute Over Accounting Matters.* If Buyer shall dispute any accounting matter, notice in writing thereof shall be given to Accountants within 60 days from the receipt of the Examination referred to in Paragraph 2.1. Within 45 days after receipt of such notice, said dispute shall be submitted to arbitration by a national accounting firm chosen by Buyer and approved as to competency by Accountants. The decision of such arbitrator shall be final and binding and its fees shall be divided equally between Buyer and Seller. Any questions of contract interpretation shall be determined by the Circuit Court for the County of Macomb, State of Michigan, which shall be deemed a court of competent jurisdiction and proper venue to hear such disputes.

On February 6, 1990, the trial court entered an order adopting the rules of arbitration agreed to by the parties. The rules of arbitration state:

1. All parties are entitled to discovery which shall be governed by the Michigan Court Rules.

2. Buyer shall have thirty days following a request from the arbitrator in which to provide to the arbitrator a detailed, itemized explanation for each of the objections remaining in issue. Only those items raised by the Buyer within sixty days from the receipt of the examination prepared by AY as required by paragraph 2.3 of the Contract and contained in the letter dated September 28, 1984, should be considered by the arbitrator.

3. The explanation shall include reference to the specific Contract provision (and any interpretation thereof) or accounting standard of which the item is alleged to be in contravention.

4. The explanation shall further include any records of the Company, which existed at the time of the audit, which supports its position.

5. The Seller shall have thirty days in which to provide a response.

6. During the thirty day period, Seller shall be

entitled to discovery of the books and records of this Company.

7. Buyer shall respond to such discovery requests within fifteen days thereof. The failure of the Buyer to timely respond to the request shall increase, by the same number of days the discovery is late, the time within which Seller must respond to the objections. All disputes concerning discovery, or lack thereof, shall be resolved by the Macomb County Circuit Court.

8. Upon receipt of Seller's response, Buyer shall have fifteen days in which to provide a reply. The reply shall not raise new or additional issues not addressed in Seller's response.

9. Upon receipt by the arbitrator of Buyer's reply (or fifteen days from receipt of Seller's response in absence of a reply) the arbitrator may seek additional information through either written interrogatories or oral testimony. The other party shall be given an opportunity to respond.

10. Said interrogatories shall be answered under oath within twenty-eight days from the date of receipt. Either party may apply to the arbitrator for additional time to respond for good cause shown.

11. Said oral testimony shall be under oath and a transcript of any testimony shall be made and become part of the record.

12. The arbitrator may submit any issues of Contract interpretation to the Court.

13. At such time as the arbitrator determines that it has all of the information necessary for it to make a decision, it shall notify the parties that the hearing is closed.

14. The arbitrator shall have forty-five days from the date the hearing is closed in which to reach a decision. An extension of an additional forty-five days may be granted upon agreement of both parties.

15. In the event of a conflict between the requirements of Generally Accepted Accounting Practices (hereinafter "GAAP") or the terms of the Contract, the terms of the Contract shall govern.

16. In the event any adjustment to the Consolidated Book Value of the U.S. Truck Company, Inc. (hereinafter "CBV") rests on an interpretation of the contract disputed by the parties, the arbitrator shall submit its findings in the alternative, setting forth the manner in which the alternate interpretations affect the calculation.

17. The arbitrator shall compute a total adjustment, if any, to the CBV and submit it, along with its findings, in writing, to both parties by first class mail at the addresses set forth herein.

18. The parties shall have twenty days, from the date of mailing, in which to file, with the Court and the Arbitrator, an objection to the arbitrator's findings.

19. In the absence of objections, judgment shall enter on the arbitrator's findings.

20. In the event of objections, the Court shall consider and rule on the objections in light of the provisions of the Contract, the prevailing law, and these rules and either affirm the decision of the arbitrator in whole, accept one of the alternative calculations prepared by the arbitrator, or issue an interpretation of any provision of the Contract in dispute and resubmit the matter to the arbitrator for reconsideration of the matter in light of the Court's interpretation.

21. The failure of any party to comply with the requirements of these rules or any order of the Court implementing these rules shall constitute a waiver of the right to arbitration.

Because the rules of arbitration (paragraph 19) state that judgment shall enter on the arbitrator's findings, this method of resolution falls within the definition of statutory arbitration and is governed by MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq. Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 495; 475 NW2d 704 (1991).

The arbitration agreement, however, is invalid because it purports to grant the authority to de-

cide questions of contract interpretation to the circuit court. Having invoked statutory, binding arbitration, the parties are required to proceed according to the applicable court rule, MCR 3.602, and statutes, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq. Dick v Dick,* 210 Mich App 576, 588; 534 NW2d 185 (1995). Thus, having invoked statutory arbitration, the issue of contract interpretation is a matter for the arbitrator only and the parties could not attempt to give the power of contract interpretation to the circuit court. See *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583, 591; 227 NW2d 500 (1975); *American Fidelity Fire Ins Co v Barry,* 80 Mich App 670, 673; 264 NW2d 92 (1978).

MCL 600.5021; MSA 27A.5021 specifies that statutory arbitrations must be conducted in accordance with the rules of the Michigan Supreme Court. The applicable court rule provides the court with three options only: vacating, modifying, or correcting the award. MCR 3.602(J), (K). The court's power even to vacate, modify, or correct the arbitration award is very limited. *Gordon Sel-Way, supra,* p 495. "By narrowing the grounds upon which an arbitration decision may be invaded, the court rules preserve the efficiency and reliability of arbitration as an expedited, efficient, and informal means of private dispute resolution." *Id.* Accordingly, the parties could not create a hybrid form of arbitration. Having invoked statutory, binding arbitration, the parties are not entitled to have the circuit court decide issues of contract interpretation. *Dick, supra,* p 588.

Further, the rules of arbitration are also invalid. Paragraph 7 states that disputes concerning discovery are to be resolved by the circuit court. Paragraph 12 states that the arbitrator may sub-

mit issues of contract interpretation to the court. Paragraph 20 permits a judicial review of the arbitrator's award that is not permissible under MCR 3.602. Stated simply, the parties cannot create their own arbitration device. Once the parties agreed to statutory arbitration, they were required to proceed in accordance with the applicable statutes and court rule. *Dick, supra,* p 588.

To allow parties to create their own arbitration devices after invoking statutory arbitration would create uncertainty regarding the scope of the arbitrators' authority and the scope of the authority of circuit courts. Further, the efficiency and reliability of arbitration, two important reasons why parties may wish to forgo the use of courts of law, would be disrupted if the parties could create their own arbitration devices. Accordingly, we conclude that the arbitration agreement and the rules of arbitration adopted by the parties are not enforceable at law because they do not comply with the applicable court rule and statutes.

We vacate the trial court's order of April 6, 1992, and the judgment and order of June 8, 1992. Should the parties agree to arbitration, then they must do so in accordance with the applicable court rule, MCR 3.602, and statutes, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.*

HOLBROOK, JR., P.J., concurred.

O'CONNELL, J. *(dissenting).* I respectfully dissent. The present dispute is no Gordian knot, and requires no fatal sword stroke to resolve. Rather, by addressing the one flaw contained in the agreement, the involvement of the circuit court, the knot quickly unravels.

The majority has concluded that because of the invalidity of certain provisions of the parties' arbi-

tration agreement, the entire agreement is unenforceable at law. Inexplicably, the majority relies on this Court's recent decision in *Dick v Dick,* 210 Mich App 576; 534 NW2d 185 (1995), as putative support for this holding. However, in *Dick,* p 589, when faced with a similar situation in which an arbitration agreement contained legally unenforceable provisions, "we reform[ed] the binding arbitration agreement to comport with the requirements of the statutes and the court rules." In short, we struck the legally unenforceable provisions from the arbitration agreement as we would have done with any contract. It is puzzling that the majority has relied on *Dick* to reach a conclusion diametrically opposed to that reached in *Dick.*

I would treat the arbitration agreement presently in issue as this Court treated the arbitration agreement in dispute in *Dick.* I would strike the clauses that are contrary to the statutory arbitration act, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.,* that is, ¶ 20 and portions of ¶ ¶ 7 and 18.[1] We would then be left with a wholly valid and enforceable arbitration agreement, as was the result in *Dick.* The matter would be remanded to the arbitrator for prompt resolution of the issues unlawfully submitted to the circuit court. Further review would be limited to that provided for in the statutory arbitration act.

More generally, it is clear from the arbitration agreement that the intention of the parties was to arbitrate their dispute. For the majority to declare the entire agreement invalid only frustrates the intention of the parties, who are still litigating the sale of a business that took place thirteen years ago.

[1] Paragraph 12 need not be struck. It provides only that "[t]he arbitrator *may* submit any issues of Contract interpretation to the Court" (emphasis supplied). Because the language is permissive, the statutory arbitration act is not necessarily violated by its inclusion.