TELLKAMP v WOLVERINE MUTUAL INSURANCE COMPANY

Docket No. 177339. Submitted April 1, 1996, at Grand Rapids. Decided October 1, 1996, at 9:05 A.M.

Teddi Tellkamp brought an action in the Kent Circuit Court against Wolverine Mutual Insurance Company, seeking uninsured motorist benefits under a policy issued by the defendant to her father for injuries that she had suffered in a collision with an uninsured motorist. The policy in question provided uninsured motorist coverage with a $100,000 limit. The matter previously had been submitted to arbitration pursuant to the defendant's demand under a provision of the policy allowing either party to demand arbitration. The arbitrators, not having been apprised of the policy limit, returned an award for plaintiff of $150,000. The defendant rejected the award and indicated its intent to take the matter to trial in accordance with the terms of the insurance policy, which provided that either party, within sixty days of the arbitrators' decision, could demand the right to trial if the arbitrators' award exceeded the statutory minimum coverage of $20,000. The plaintiff instead commenced her action in which she sought, in the alternative, confirmation of the arbitration award or a determination of damages only. The court, Robert A. Benson, J., entered an order of judgment confirming the arbitration award and awarding prejudgment and postjudgment interest on the entire award, holding that the arbitration was subject to Michigan's arbitration statute and the corresponding court rule, that the defendant had failed to apply to vacate the award within twenty-one days as required by the court rule, and that, accordingly, the award of the arbitrators was binding. The defendant appealed.

The Court of Appeals *held*:

1. Enforcement of an arbitration award pursuant to the arbitration statute, MCL 600.5001; MSA 27A.5001, is applicable only where the parties have evidenced an intent for statutory arbitration by the inclusion of a provision in an arbitration contract that a circuit court enter judgment upon an arbitration award. Although the arbitration provision of the insurance contract provided that "[l]ocal rules of law as to procedure and evidence" were to apply, that reference is insufficient to evidence an intent to make the arbitration proceedings a "statutory" arbitration proceeding subject to the pro-

visions of § 5001 and MCR 3.602 in light of the clear language of
the insurance policy that expressly limited the enforceability of certain
arbitration awards. Accordingly, the arbitration proceeding
was subject to the contractual provisions that gave rise to it, and
the trial court erred in holding that this arbitration proceeding was
a statutory proceeding and that the arbitrators' award was subject
to statutory enforcement.

2. The general reference in the arbitration provision of the insurance
policy to the application of local rules of law concerning procedure
is insufficient to warrant application of the twenty-one-day
period of MCR 3.602 to the exclusion of the arbitration provision's
specific incorporation of a sixty-day period following an arbitration
award in which to demand a trial of the matter.

3. Because not only was there no factual development of the allegation
that the arbitration provision should be held to be void on
public policy grounds on the basis that it unfairly favored the
insurer but also the trial court did not rule with respect to the public
policy question, the matter must be remanded to the trial court
for a full development of the public policy question and a ruling by
the trial court with respect to that question.

4. The fact that the defendant agreed to submit the matter to an
open-ended arbitration determination did not act to waive the policy
limits. Any judgment entered on the arbitration award must be
limited to the policy limits of liability, plus applicable interest and
costs.

Order of judgment vacated; case remanded for further proceedings.

1. ARBITRATION — STATUTORY ARBITRATION — INTENT — ENTRY OF JUDGMENT.

Parties to an arbitration contract wishing to avail themselves of the
provisions for statutory arbitration must clearly evidence an intent
to do so by a contract provision for entry of judgment by a circuit
court upon the arbitration award (MCL 600.5001; MSA 27A.5001).

2. ARBITRATION — RULES OF PROCEDURE — ARBITRATION AGREEMENT.

A general reference in an arbitration agreement that the proceedings
are subject to local rules of law regarding procedure and evidence
is insufficient to warrant application of a general rule of procedure
where the arbitration is not a statutory arbitration proceeding and
the arbitration agreement has a specific provision relating to the
matter; under these circumstances, the procedure dictated by the
arbitration agreement must be applied.

3. ARBITRATION — INSURANCE — LIMITS OF COVERAGE — WAIVER.

> An agreement by an insurer to submit a claim to an open-ended arbitration determination, by itself, does not act to waive the insurer's right to limit its liability to the limit of the coverage set in the insurance policy.

*R. Kevin Thieme, P.C.* (by *R. Kevin Thieme*), for the plaintiff.

*Boyden Waddell Timmons & Dilley* (by *K. David Sawyer*) (*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.*, by *Daniel S. Saylor*, of Counsel), for the defendant.

Amicus Curiae:

*Mark Granzotto, Jeffrey T. Meyer*, and *Richard E. Shaw*, for Michigan Trial Lawyers Association.

Before: WHITE, P.J., and SAWYER and R. M. PAJTAS,* JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order confirming an arbitration award and entering judgment for plaintiff, Teddi Tellkamp, based on an arbitration award entered on plaintiff's claim for uninsured motorist coverage. We reverse and remand.

I

On August 14, 1991, plaintiff was involved in a collision with an uninsured motorist. She made a claim for uninsured motorist benefits under her father's insurance policy with defendant, Wolverine Mutual Insurance Company. The policy provided uninsured motorist coverage with a $100,000 limit. Pursuant to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's demand, the claim was submitted to arbitration. In a two-to-one decision, the arbitrators returned an award of $150,000 in favor of plaintiff. The arbitrators were not informed of the insurance policy coverage limits of $100,000. Plaintiff accepted the award. On December 3, 1993, defendant rejected the award and demanded a trial under the terms of the insurance policy.

On December 21, 1993, plaintiff filed a two-count complaint in the circuit court. Count I requested that the court confirm the arbitration award on the grounds that there is no basis to modify, vacate, or correct the award under MCR 3.602, that defendant did not move to vacate the award within twenty-one days, and that any provisions of the arbitration agreement contrary to Michigan court rules, statutes, or decisions are void. Alternatively, count II asserted that the arbitrators determined that plaintiff is legally entitled to damages and that that decision is binding under the terms of the arbitration provision and requested a determination by the trier of fact regarding the amount to be awarded in damages. Defendant filed an answer.

In May 1994, plaintiff filed a motion to enforce arbitration and enter judgment thereon or, in the alternative, for partial summary disposition, arguing that the arbitration provision's "escape clause" is against public policy and unenforceable and that, in all events, the arbitrators' decision regarding liability is binding. Defendant filed a responsive brief, arguing that the arbitration provision is valid and enforceable and does not violate public policy and that all issues should be subject to contest at trial. At a June 17, 1994 hearing regarding the motion, the circuit court

issued an opinion from the bench, without hearing oral argument, after observing that defendant's counsel had failed to appear for the motion hearing. In its opinion, the court stated it would treat plaintiff's motion as a motion to enter judgment on the arbitration award and would enter judgment in the amount of $150,000 on the arbitration award, plus any interest or costs allowed under the arbitration court rule or the general court rules. On July 15, 1994, the court conducted a hearing with respect to defendant's objections to entry of judgment and ruled that it would allow prejudgment interest on the entire $150,000 judgment, not just on the $100,000 policy limit. The court entered an order confirming the $150,000 arbitration award and awarding prejudgment and postjudgment interest in the amount of $10,736.32. Defendant appeals as of right.

II

A

The uninsured motorist coverage includes an arbitration provision:

> If we and an insured do not agree:
> 1. Whether that person is legally entitled to recover damages under this Part, or;
> 2. As to the amount of damages;
> either party make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:
> 1. Pay the expenses it incurs; and
> 2. Bear the expenses of the third arbitrator equally.
> Unless both parties agree otherwise, arbitration will take place in the county in which the *insured* lives. Local rules

of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the *insured* is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for *bodily injury* liability specified by the financial responsibility law of the state in which *your covered auto* is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

Thus, the arbitration clause provides that if there is a dispute concerning the entitlement to damages under the coverage or the amount of damages, either party may demand arbitration. The dispute is then arbitrated. The decision regarding the amount of damages is binding if it does not exceed the minimum coverage required by law (in Michigan $20,000). If the award exceeds that amount, either party may demand the right to a trial by making a demand within sixty days of the arbitrators' decision. If neither party makes such a demand, the decision is binding.

B

The circuit court ruled that this provision violates the Michigan arbitration statute, MCL 600.5001; MSA 27A.5001, concluding that while the parties are free to exempt controversies from arbitration under the statute, once they send a matter to arbitration, the decision of the arbitrators is binding. The court further concluded that under the court rule, a court can vacate an award only on narrow grounds, none of which are present in the instant case, and that

defendant failed to move to vacate the award within twenty-one days, as required by court rule. The court did not reach the question whether the clause violates public policy.

C

The Michigan arbitration statute provides that an agreement to settle a controversy by arbitration under the statute is valid, enforceable, and irrevocable if the agreement provides that a circuit court can render judgment on the arbitration award. MCL 600.5001; MSA 27A.5001.[1] While the statute allows parties to agree that an arbitration award will be enforceable, allowing them to enter into so-called "statutory" arbitration, the statute has been interpreted as requiring the parties to "clearly evidence that intent by a contract provision for entry of judgment upon the award by the circuit court." *E E Tripp Excavating Contrac-*

---

[1] The statute provides:

(1) All persons, except infants and persons of unsound mind, may, by an instrument in writing, submit to the decision of 1 or more arbitrators, any controversy existing between them, which might be the subject of a civil action, except as herein otherwise provided, and may, in such submission, agree that a judgment of any circuit court shall be rendered upon the award made pursuant to such submission.

(2) A provision in a written contract to settle by arbitration under this chapter, a controversy thereafter arising between the parties to the contract, with relation thereto, and in which it is agreed that a judgment of any circuit court may be rendered upon the award made to such agreement, shall be valid, enforceable and irrevocable save upon such grounds as exists at law or in equity for the rescission or revocation of any contract. Such an agreement shall stand as a submission to arbitration of any controversy arising under said contract not expressly exempt from arbitration by the terms of the contract. Any arbitration had in pursuance of such agreement shall proceed and the award reached thereby shall be enforced under this chapter.

*tor, Inc v Jackson Co*, 60 Mich App 221, 237; 230
NW2d 556 (1975). Plaintiff argues that the arbitration
provision's reference to "[l]ocal rules of law as to pro-
cedure and evidence" incorporates MCR 3.602 and
MCL 600.5001; MSA 27A.5001 by reference and is ade-
quate for this purpose. However, the provision makes
no reference to the court rule, the statute, or enforce-
ment of the award by any court and, more signifi-
cantly, expressly limits the enforceability of certain
arbitration awards.

The circuit court based its order enforcing the arbi-
tration award on its determination that the arbitration
is "statutory" and therefore irrevocable. However, we
conclude that the arbitration to which the parties
agreed cannot be considered irrevocable "statutory"
arbitration because the agreement expressly and
unambiguously reserves the right to demand a trial if
the award exceeds a certain amount. The reservation
of the right to trial clearly evidences the drafter's
intent and understanding that an award in excess of
$20,000 will not be subject to enforcement by circuit
court judgment if either party demands a trial.

The arbitration statute unquestionably permits the
parties to submit certain aspects of a controversy to
arbitration while exempting others. At issue is
whether the Legislature mandated that once an aspect
of a controversy is submitted to arbitration, the deci-
sion must be binding, provided it is in accordance
with law and within the arbitrators' authority, regard-
less of the agreement of the parties to limit the bind-
ing nature of the award in certain circumstances.

We conclude that in enacting the arbitration stat-
ute, the Legislature intended to facilitate the binding
arbitration of disputes when agreed to by the parties

and to provide for the enforcement of awards rendered pursuant to such agreements. We discern no legislative intent to restrict the parties' ability to agree to other methods of arbitration and no intent to create a binding agreement where the parties have not done so.

Thus, we reject the argument that the policy provision's invocation of arbitration coupled with its restriction regarding the binding effect of the damage award if over the statutory minimum renders the provision a statutory arbitration provision that violates the statute and that, therefore, must be construed as binding under all circumstances.

In *Dick v Dick*, 210 Mich App 576, 578-579, 589; 534 NW2d 185 (1995), the parties executed an arbitration agreement providing for binding arbitration and direct review by the Court of Appeals. The Court of Appeals reformed the agreement to comport with the requirements of the statutes and the court rules and struck the clause permitting the appeal of substantive matters to this Court. In *Brucker v McKinlay Transport, Inc*, 212 Mich App 334; 537 NW2d 474 (1995), the parties purported to invoke statutory arbitration but also provided for expanded review by the circuit court. The Court of Appeals concluded that the arbitration agreement did not comply with the statute and was unenforceable. In both *Dick* and *Brucker*, the parties purported to invoke statutory arbitration. In *Dick*, the Court severed the offending provision and enforced the agreement according to the provisions of the statute. In *Brucker*, the Court concluded that the entire arbitration agreement was invalid. In the instant case, we are unable to conclude at the outset that what is involved is statutory arbitration. The provision makes

no reference to the entry of judgment on the arbitrators' award and expressly states that a trial may be demanded if the award exceeds the statutory minimum. Under these circumstances, the approach taken by the Court in *Dick*, would be inappropriate.

D

We also reject the argument that the circuit court properly ruled that defendant waived the right to vacate the award by not moving to do so within twenty-one days as required by MCR 3.602(J)(3), as allegedly invoked by the policy provision's reference to "[l]ocal rules of law as to procedure." While the provision does, indeed, contain a general reference to "[l]ocal rules of law as to procedure," it also provides that the parties may demand a trial within sixty days of the arbitrators' award. Given the generality of the asserted reference to the court rule and the provision's specific time limit, we conclude that the sixty-day provision must be honored.

III

Plaintiff and amicus curiae also argue that the agreement is void as against public policy because it unfairly benefits the insurer and defeats the purposes of arbitration by declaring arbitration awards falling below the minimum liability limit, which are more likely to be contested by the insured, binding on the parties, while preserving the right to trial for awards exceeding that amount, which are more likely to be contested by the insurer. Plaintiff and amicus curiae Michigan Trial Lawyers Association[2] emphasize that

---

[2] On April 13, 1995, this Court granted the request of the Michigan Trial Lawyers Association for leave to file an amicus curiae brief in support of

courts in other jurisdictions have concluded that the provision in issue violates those jurisdictions' public policies favoring arbitration. *Worldwide Ins Group v Klopp*, 603 A2d 788 (Del, 1992); *Mendes v Automobile Ins Co of Hartford*, 212 Conn 652; 563 A2d 695 (1989); *Schmidt v Midwest Family Mutual Ins Co*, 426 NW2d 870 (Minn, 1988); *Pepin v American Universal Ins Co*, 540 A2d 21 (RI, 1988). The trial court did not reach this issue, and we conclude the record is insufficient for us to do so, except to the extent that we have concluded that the provision is not void as violative of the arbitration statute.

Although plaintiff and amicus curiae rely on characterizations of the clause found in cases from other jurisdictions invalidating the clause and assert that, although purporting to grant equal rights to avoid the arbitrators' decision, the clause unfairly favors the insurer, we are presented with no record in support of these claims. We therefore remand to the circuit court for further proceedings concerning this issue.

We observe that the following considerations and questions may be pertinent to the issue and should be addressed by the parties and the court to the extent possible. How prevalent is the provision in issue? Can an insured obtain a policy from defendant or another insurer that provides for fully binding arbitration, or no arbitration, of uninsured motorist claims where the coverage exceeds the statutory minimum? How often is arbitration demanded by the insured, by the insurer, by neither party, and does it depend on the amount of the coverage? How often do awards in

---

plaintiff's claim that defendant's policy contains an "escape hatch" that violates public policy and, therefore, is unenforceable.

excess of the statutory minimum result in a demand for trial? How often and under what circumstances is the demand made by the insured, and how often and under what circumstances is the demand made by the insurer? What does arbitration cost the parties as compared to what would be the real cost of litigation, and what is the added cost when the parties arbitrate and also litigate in court? Assuming that plaintiff's construction of the arbitration provision is correct, what is the benefit to insureds of a binding decision in arbitration regarding the insured's legal entitlement to damages, separate and apart from the amount of damages?

We further observe that if it is concluded that the clause does violate public policy, it does not necessarily follow that the remedy is to enforce the arbitration provision without the clause. One might conclude that because the clause violates public policy, an insurer should not be permitted to compel arbitration under the provision when the coverage exceeds the statutory minimum, or that the arbitrators' decision should not be binding on the insured even when less than the statutory limit. See *Schaefer v Allstate Ins Co*, 63 Ohio 3d 708; 590 NE2d 1242 (1992). The parties and the court should explore the general effect and appropriateness of all possible remedies, recognizing that this arbitration clause and other forms of arbitration clauses are common in uninsured motorist coverage and that the dispute will arise in a variety of contexts: e.g., What are the consequences of invalidating the clause when a claim is arbitrated for $50,000, there is $300,000 coverage, and the insured demands a trial? We express no opinion regarding whether the clause violates public policy

and the appropriate remedy if it does, but simply note that these are open questions. We also observe that it is a separate but related question whether an insurer can demand a trial under the clause when the award exceeds $20,000, but the policy only provides for $20,000 coverage.

IV

We address a remaining issue for the sake of judicial economy. The circuit court concluded that although coverage under the policy is limited to $100,000, judgment should be entered in the full amount of the $150,000 award, because the arbitrators cannot be said to have exceeded their authority under the contract where the parties did not inform them of the limits of their authority. We disagree. The decision whether to inform the arbitrators of the limits of liability under the policy is generally left to the agreement of the parties. In this case, the parties agreed not to inform the arbitrators.[3] Absent an express agreement to the contrary, such an agreement does not amount to a waiver of the limits of liability under the contract. While plaintiff asserts that defendant agreed to submit the matter for an open-ended determination, plaintiff does not assert that there was an agreement to waive the policy limits or that an award in excess of the policy limits would be

---

[3] At the July 15, 1994, hearing, when asked why he did not tell the arbitrators that there was $100,000 coverage, defense counsel stated: "We didn't want to, for the simple fact we wanted to get an honest impression of what the case was worth without putting arbitrary limits based on the policy." Counsel later added: "I believe it was the plaintiff's suggestion that we not tell them."

binding.[4] We conclude that any judgment entered on the arbitration award must be limited to the $100,000 limits of liability under the policy, plus applicable interest and costs.[5]

We vacate the circuit court's order entering judgment in favor of plaintiff and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] The presence of the "escape clause" would make it unlikely that such a matter would be contemplated or discussed, because the policy provides that either party can demand a trial if the award exceeds the statutory minimum and purports to grant that right whether the award exceeds the policy limits or not.

[5] Plaintiff argued, and the circuit court agreed, that prejudgment interest should be awarded on the entire judgment amount and not just the policy limits of $100,000. Because we conclude that any judgment entered on the arbitration award should be limited to the policy limits, we need not address prejudgment interest.